```
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
JEREMY S. SMITH, SBN 283812
  jssmith@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

MATTHEW N. BALL, SBN 327028
  mnball@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5359
Facsimile:   650.849.5059
```

Attorneys for Draper James, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARYSSA GALVEZ, JUDITH LINDLEY, and NATALIE ANDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>DRAPER JAMES, LLC, REESE WITHERSPOON, and DOES 1 THROUGH 10,<br><br>Defendants | CASE NO. 2:20-cv-04976<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>[Removal from the Superior Court in and for the County of Los Angeles, Case No. 20STCV15386]<br><br>COMPLAINT SERVED:  May 7, 2020 |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFFS LARYSSA GALVEZ, JUDITH LINDLEY, NATALIE ANDERSON, AND THEIR COUNSEL OF RECORD**: PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711–1715, Defendant Draper James, LLC hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 20STCV15386 in the Los

Angeles County Superior Court, State of California.  Removal jurisdiction under CAFA is proper on the following grounds:

## TIMELINESS OF REMOVAL

1. On April 21, 2020, Plaintiffs Laryssa Galvez, Judith Lindley, and Natalie Anderson ("Plaintiffs") filed a Complaint on behalf of a putative class in Los Angeles County Superior Court.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and Superior Court Civil Case Cover Sheet are attached to this notice of removal.  Evangelis Decl. Exs. A-C.  Draper James was served on May 7, 2020.  Ex. G.  This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b), which requires a notice of removal to be filed within 30 days after service is completed.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *Panoyan v. Regalo Int'l LLC*, No. CV 19-07469 PA (SKX), 2019 WL 4856000, at *2 (C.D. Cal. Oct. 1, 2019).

## SUMMARY OF PLAINTIFFS' ALLEGATIONS AND FACTS GIVING RISE TO JURISDICTION AND REMOVAL UNDER CAFA

2. This lawsuit is an unjust attempt to exploit Draper James' good intentions to honor the teacher community by gifting hundreds of free dresses.  Plaintiffs' Complaint alleges claims of breach of contract, promissory estoppel, violations of California's Consumer Legal Remedies Act, and violations of California Business and Professions Code sections 17200 and 17203.  *See* Evangelis Decl. Ex. A (Compl. ¶¶ 49-100).  Plaintiffs seek to represent "all persons" across the United States who signed up to participate in a Draper James goodwill promotion.  *Id.* ¶ 17; *see also id.* ¶ 18 (alleging that the class is located "nationwide").  The promotion was a "while quantities last" offer through which teachers could enter for the opportunity to receive a free Draper James dress, as a sign of appreciation for teachers' efforts to continue educating students during the COVID-19 pandemic and stay-at-home orders.  *See id.* ¶ 26.  Plaintiffs' Complaint alleges that Draper James should not have been allowed to

offer a "while quantities last promotion," and asks the Court to require Draper James to provide a free dress to every person who responded to the promotion. *Id.* ¶ 67.

3. Among other things, Plaintiffs allege that they and the putative class members are owed "restitution and restitutionary disgorgement," "direct, consequential, incidental, exemplary and/or statutory remedies," "costs of suit and Plaintiffs' reasonable attorneys' fees," "an injunction against such conduct," "pre- and post-judgment interest," and "such other relief as the Court may deem proper." Evangelis Decl. Ex. A at p. 26-27 (Prayer for Relief ¶¶ 1-6).

### A.   The Putative Class Contains More Than 100 Members

4. Plaintiffs' putative class encompasses all persons who "complete[d] a form online and provide[d] it to Draper James" as part of the while-quantities-last dress giveaway. Evangelis Decl. Ex. A (Compl. ¶ 19). Draper James denies Plaintiffs' allegations, and denies that class treatment is appropriate, but for purposes of the jurisdictional requirements for removal only, Plaintiffs' allegations claim the class contains "close to a million persons." *Id.* The face of the Complaint therefore alleges facts confirming that CAFA's jurisdictional requirement of a putative class containing more than 100 members is met.

### B.   The Amount Placed in Controversy Meets The Jurisdictional Threshold

5. Draper James denies any liability in this case, denies that Plaintiffs are entitled to any recovery, intends to vigorously oppose class certification, and expressly reserves all of its rights to do so. *See Dart Cherokee Operating Co., LLC v. Owens*, 135 S. Ct. 547, 544 (2014). However, for purposes of the jurisdictional requirements for removal only, Draper James has a good faith basis to believe, and on that basis avers, that the allegations in Plaintiffs' Complaint put more than $5,000,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6) (claims of individual class members set forth in the Complaint are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000").

6. Plaintiffs allege that each dress had "an estimated average cost of $48," Evangelis Decl. Ex. A (Compl. ¶ 33), and they claim that every person who expressed interest is entitled to recover at least that sum, notwithstanding the fact that the promotion was expressly limited "while supplies last." Because Plaintiffs hope to recover $48 dollars for each putative class member in a putative class that Plaintiffs have claimed to be "close to a million persons" in size, *id.* ¶ 19, Plaintiffs allege an amount-in-controversy exceeding the $5,000,000 requirement. *See* 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) ("once the proponent of federal jurisdiction has explained *plausibly* how the stakes exceed $5 million . . . *then the case belongs in federal court*" (emphasis added; citation omitted)).

**C.  Minimal Diversity Is Met Because The Class Includes Plaintiffs Who Are Not Citizens of New York or Tennessee**

7. For purposes of the jurisdictional analysis, Draper James is a citizen of New York and Tennessee. Evangelis Decl. Ex. A (Compl. ¶ 10). Plaintiffs allege that their putative class consists of individuals who **are not** citizens of these states. *See id.* ¶ 17-18. Draper James' records also confirm that certain individuals who responded to the promotion are citizens of states other than New York and Tennessee. Under CAFA, sufficient diversity exists for purposes of federal jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (citing 28 § 1332(d)(2)(A)); *see Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

8. Because Draper James has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the case is removable. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); *see* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

## **THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

9. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

(a) this is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

(b) Plaintiffs allege that the action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

(c) Plaintiffs allege that the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

(d) a member of the proposed class is a citizen of a state different from any defendant as required by § 1332(d)(2)(A).

10. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

11. The United States District Court for the Central District of California is the federal judicial district embracing the Los Angeles County Superior Court, where the suit was originally filed, 28 U.S.C. § 84(a). *See* 28 U.S.C. § 1441(a).

12. Upon filing the Notice of Removal, Draper James will furnish written notice to Plaintiffs' counsel and will file and serve a copy of this Notice with the Clerk of the Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Draper James therefore removes this action from the Superior Court of California in and for the County of Los Angeles.

1
2  DATED: June 4, 2020
3                                                          GIBSON, DUNN & CRUTCHER LLP
4
                                            By:    */s/ Theane Evangelis*
5                                                       Theane Evangelis
6                                                  Attorneys for DEFENDANT DRAPER JAMES, LLC
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28